IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TONDA MARIE HERRING DEUBLER, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE C.H. HERRING, JR. ESTATE,<br><br>   PLAINTIFFS,<br><br>v.<br><br>JUNE C. HERRING, THE BANK OF NEW YORK MELLON, METLIFE SERVICES AND SOLUTIONS, LLC, AND METROPOLITAN LIFE INSURANCE COMPANY,<br><br>   Defendants. | § § § § § § § § § CIVIL ACTION NO. _____ § § § § § § § § |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants MetLife Services and Solutions, LLC ("MetLife Services") and Metropolitan Life Insurance Company ("MLIC") (collectively "Defendants" or "MetLife") file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, in the case styled *Tonda Marie Herring Deubler, Individually and as Independent Executrix of the C.H. Herring, Jr. Estate v. June C. Herring, The Bank of New York Mellon and MetLife Services and Solutions, LLC, and Metropolitan Life Insurance Company*, Cause No. CV33249, filed in the 90th Judicial District Court, Stephens County, Texas (the "State Court Action"). In support of this Notice of Removal, MetLife shows the Court the following:

### THE PROCEEDINGS IN STATE COURT

1. On April 19, 2023, Plaintiffs commenced the State Court Action in the 90th Judicial District Court, Stephens County, Texas.

1

2. MetLife Services and MLIC were both personally served with the Citation and Plaintiffs' Original Petition for Declaratory Judgment (the "Petition"), through its registered agent, CT Corporation, on April 24, 2023. True and correct copies of the Citations and Petitions served on MetLife Services and MLIC are attached hereto as **Exhibit C** and **D**.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty days of MetLife Services' and MLIC's receipt of the Petition and the Citation.

**FEDERAL QUESTION JURISDICTION – PLAINTIFFS ASSERT A CLAIM FOR ERISA BENEFITS**

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it is an action arising under the laws of the United States, specifically the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq*.

5. Clarence H. Herring, Jr. ("Decedent") was a participant in the AT&T Umbrella Benefit Plan (the "Plan"). The Plan is governed by ERISA. Plaintiff seeks to recover basic life insurance benefits under the Plan. MLIC issued the group policy that funds the Plan benefits and is the ERISA fiduciary with discretionary authority to determine claims.

6. Pursuant to 28 U.S.C. § 1441(a) and (c), the State Court Action is removable to this Court in that Plaintiff's claim against MLIC is governed by ERISA. ERISA preempts the state law claim alleged in Plaintiff's Petition and provides the exclusive federal remedy for resolution of claims by beneficiaries to recover benefits from such plans. ERISA §§ 502(a)(1)(B) and 514, 29 U.S.C. §§ 1132(a)(1)(B) and 1144; *see Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987); *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 207-09 (2004).

7. An action involving a claim for benefits under an ERISA plan is removable under 28 U.S.C. § 1441(a) and (c) as an action arising under federal law even when the ERISA-

related nature does not appear on the face of the complaint. *See Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 62-63 (1987). Plaintiffs allege in the Petition that MetLife issued the life insurance policy in question and that the proceeds are payable to Tonda Marie Herring Deubler, either as the Executrix of Decedent's Estate or individually as the rightful heir.

### CONSENT FOR REMOVAL IS NOT REQUIRED FROM THE OTHER DEFENDANTS

8. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been **properly joined** and served must join in or consent to the removal of the action." (emphasis added).

9. A well-recognized exception to the § 1446(b)(2)(A) requirement that all defendants must join in the removal petition to effect proper removal is that consent is not required by any defendant that is a "nominal" party-defendant. *See Hayden v. Allstate Tex. Lloyds*, No. H–10–646, 2011 WL 240388, at *5 (S.D. Tex. Jan. 20, 2011). To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias v. Bexar Co. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). Here, Defendants June C. Herring and The New York Bank of Mellon are "nominal" parties because Plaintiffs have no viable cause of action against them, and, in fact, Plaintiffs have not alleged facts sufficient to state a cause of action against them. Plaintiffs allege that one of them is entitled to the Plan benefits, so their claim is against MLIC for the benefits, not against Defendants June C. Herring and The New York Bank of Mellon. Because Plaintiffs have no cause of action against these Defendants for the Plan benefits, they are "nominal" parties and not required to join in or to consent to the removal of this action.

### REQUIREMENTS OF 28 U.S.C. § 1446(a) &(b) AND LOCAL RULE 81.1 ARE MET

10. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, the following documents regarding the filings in the State Court Action are attached to this Notice:

    a. **Exhibit A** - an index of all documents identifying each document and the date the document was filed in state court;

    b. **Exhibit B** - a copy of the docket sheet in the state court action;

    c. **Exhibits C and D** – the Citations and Petitions served on MetLife Services and MLIC; and

    d. **Exhibit E** – the remaining documents filed in the state court action.

9. Thirty days have not elapsed since the receipt by MetLife, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. This Notice of Removal is, therefore, being filed within the time period required by law.

11. Written notice of the filing of this Notice of Removal will be filed with the Court in the State Court Action.

WHEREFORE, Defendants MetLife Services and Solution, LLC and Metropolitan Life Insurance Company respectfully submit this Notice removing the State Court Action to this Court.

        Respectfully submitted,

        /s/ Linda G. Moore
        Linda G. Moore
        State Bar No. 14359500
        ESTES THORNE & CARR PLLC
        3811 Turtle Creek Blvd., Suite 2000
        Dallas, Texas  75219
        Telephone: (214) 599-4000
        Telecopier: (214) 599-4099
        lmoore@estesthornecarr.com

        ATTORNEY FOR DEFENDANTS METLIFE SERVICES AND SOLUTIONS, LLC and METROPOLITAN LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice of Removal was forwarded on this 23rd day of May 2023 by electronic mail and certified mail to Plaintiffs' counsel as follows:

    Gary D. Trammel
    100 E Walker
    Breckenridge, TX 76424
    Email: g-law@att.net

        /s/ Linda G. Moore
        Linda G. Moore