UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TONDA MARIE HERRING DEUBLER, individually and as independent executrix of the C.H. Herring, Jr. Estate,<br><br>    Plaintiff,<br><br>v.<br><br>JUNE C. HERRING, et al.,<br><br>    Defendants. | No. 1:23-CV-119-H |

### ORDER OF DISMISSAL

Before the Court is Defendants MetLife Services and Solutions, LLC, and Metropolitan Life Insurance Company's Rule 12(b)(6) Motion to Dismiss. Dkt. No. 4. The plaintiff's response states that she is not opposed to the relief requested in the motion to dismiss. Dkt. No. 7 at 1. Thus, the motion to dismiss is granted, and the plaintiff's claims as to MetLife Services and Solutions, LLC, and Metropolitan Life Insurance Company are dismissed with prejudice.

In addition, the Court previously ordered the plaintiff to file proof of service, effect service, or show good cause for failure to effect service as to defendants June C. Herring and the Bank of New York Mellon by September 15, 2023. Dkt. No. 8. The Court warned that failure to do so would result in dismissal of the claims against those defendants without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). *Id.* at 1. That deadline came and went, and the plaintiff failed to comply with the Court's Order. The Court then ordered the plaintiff to file proof of service as to the aforementioned defendants and to demonstrate good cause for her delay in doing so by September 25, 2023. Dkt. No. 9. The Court again warned that failure to file the required response by the deadline or failure to demonstrate

good cause would result in dismissal of the plaintiff's claims as to those defendants. *Id.* at 1. However, that deadline has also passed, and the plaintiff has not filed proof of service or a response demonstrating good cause.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). More than 90 days have passed since this case was removed to this Court. *See* Dkt. No. 1. The Court has twice ordered the plaintiff to serve defendants June C. Herring and the Bank of New York Mellon within a specified time and twice given her notice of potential dismissal if she failed to do so. Dkt. Nos. 8; 9. However, the plaintiff has still failed to serve those defendants. Thus, the Court orders that the plaintiff's claims as to defendants June C. Herring and the Bank of New York Mellon are dismissed without prejudice, by authority of Rule 4(m).

In sum, the plaintiff's claims against MetLife Services and Solutions, LLC, and Metropolitan Life Insurance Company are dismissed with prejudice, and her claims against June C. Herring and the Bank of New York Mellon are dismissed without prejudice. The Clerk of Court is ordered to close this case. The parties shall each bear their own costs and attorney's fees.

So ordered on October 6, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE